UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RANDALL PEACOCK,                          :
     Plaintiff,                           :
                                           :
     v.                                     :     Case No. 3:18cv406 (VLB)
                                           :
DANNEL MALLOY, ET AL.,                    :
     Defendants.                           :

RULING AND ORDER

Plaintiff Randall Peacock was confined at Brooklyn Correctional Institution when he initiated this civil rights action.  He has filed an amended complaint naming Governor Ned Lamont, Lieutenant Governor Susan Bysiewicz, Attorney General William Tong, Commissioner of Correction Rollin Cook, Chief State's Attorney Kevin T. Kane, Director of Parole and Community Services Joseph Haggan, Chairman of the Board of Pardons and Paroles Carleton J. Giles and Special Management Unit Parole Officer Frank Mirto as defendants.  *See* Am. Compl., Doc. No. 14.  On November 20, 2019 and December 31, 2019, Plaintiff filed exhibits to supplement the amended complaint.  *See* Doc. Nos. 16, 17.  On April 13, 2020, Plaintiff filed a motion for leave to file a second amended complaint. *See* Mot. Amend, Doc. No. 16.  For the reasons set forth below, the court will deny the motion to amend and dismiss the first amended complaint.

I.    Motion for Leave to Amend [Doc. No. 18]

Plaintiff seeks leave to file a second amended complaint to add a claim regarding a parole hearing that occurred on January 31, 2020.  *See* Mot. Amend at 1-2.  Peacock alleges that during the hearing, a panel of three members of the

Board of Pardons and Paroles voted him to be released on parole on or after February 29, 2020.   *See id.*; Ex., Doc. No. 18-1.  As of April 13, 2020, he had not been released on parole.  See Mot. Amend. at 2.  Plaintiff requests that the Court direct the Department of Correction to immediately release him to a halfway house.  *See id.* at 3.  Plaintiff has not attached a proposed amended complaint to the motion.

Because Plaintiff has already amended the complaint once, he does not a have a right to amend the complaint without leave of Court.  Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that after the time to amend as of course has passed, "[t]he court should freely" grant leave to amend "when justice so requires."  Rule 15(a)(2), Fed. R. Civ. P.   "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir. 2007 (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).  The Court concludes that justice does not require granting Plaintiff leave to file a second amended complaint.

The claim and relief sought in the motion are unrelated to the underlying claims in the complaint that are addressed to Plaintiff's sentence of imprisonment and period of special parole.  Moreover, Plaintiff does not assert that any defendant named in the first amended complaint was involved in the decision on January 31, 2020, to grant him release on parole or was aware of the delay in his release on parole.  Nor has Plaintiff alleged that he attempted to address the

issue involving his release with any defendant or other prison or parole board official informally or formally by filing a grievance.  In addition, it is apparent that the sole request for relief, his immediate release to a halfway house, is moot.

The State of Connecticut Department of Correction's website reflects that Plaintiff is no longer confined in a prison facility in Connecticut and has been released to a temporary community housing program called the Chrysalis Center.[1]  On May 21, 2020, Plaintiff filed a notice indicating his new address in Hartford, Connecticut.  *See* Notice, Doc. No. 22.  The Court concludes that it would be futile to permit Plaintiff to file a second amended complaint to add a claim that is not asserted against any named defendant and to add a request for relief that is moot.  *See, e.g., Lucente v. I.B.M. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (a proposed amendment would be futile "if the proposed claim could not withstand a motion to dismiss for failure to state a claim upon which relief may be granted"); *Rosen v. Pallito*, No. 2:13-CV-277, 2015 WL 4665628, at *7–8 (D. Vt. Aug. 6, 2015) (denying motion to amend to add claim for prospective injunctive relief on ground of futility because request for relief was moot).  Accordingly, the motion to amend is denied.

II.    Amended Complaint [Doc. No. 14]

---

[1] Information regarding Plaintiff's current location as listed on the State of Connecticut Department of Correction's website may found at http://portal.ct.gov/DOC (last visited May 25, 2020) using Plaintiff's CT DOC Inmate Number - 91208.  Information about Chrysalis Center may be found at https://portal.ct.gov/DOC/Miscellaneous/Parole-and-Community-Services within the Directory of Community Providers.

Plaintiff challenges his eleven-year term of imprisonment and the period of special parole to be served after his eleven-year term of imprisonment.  For relief, he seeks monetary damages and an injunction.

A.    Facts

On June 18, 2013, Plaintiff pleaded guilty to two counts of sexual contact with a child in violation of Connecticut General Statutes § 53-21(a)(2).    *See* Am. Compl. at 2 ¶ 1(c); *Peacock v. Warden*, No. CV144006142, 2016 WL 7742925, at *1 (Conn. Super. Ct. Nov. 30, 2016).  A judge imposed two concurrent sentences of twelve years of imprisonment followed by ten years of special parole.  *Id.*  On December 20, 2013, a judge vacated the sentences imposed on June 18, 2013 because the total effective sentence on each count was in excess of that allowed pursuant to statute (twenty years) and resentenced Plaintiff to six years of imprisonment on the first count of illegal sexual contact with a victim and six years of imprisonment followed by ten years of special parole on the second count.  *Id.* at ¶ 1(c) – 1(d); *Peacock*, 2016 WL 7742925, at *1.  These sentences were to be served consecutively.  *Id.*

On September 29, 2017, Plaintiff filed a motion to correct illegal sentence. Am. Compl. at 6 ¶ 1(p).  On March 14, 2018, a Superior Court judge granted the motion, vacated the prior sentences and imposed concurrent sentences of six years of imprisonment on the first count of illegal sexual contact with a victim and eleven years of imprisonment followed by nine years of special parole on the second count.  *Id.*  In December 2018, Plaintiff filed a new motion to correct illegal

4

sentence.  *Id.* at ¶ 1(q).  A judge denied the motion on the ground that the argument raised by Plaintiff did not challenge his sentence but rather his underlying conviction and should have been raised in a habeas petition.  *Id.*

In his notices/letters to the Court, Plaintiff references changes that the Connecticut legislature made to Conn. Gen. Stat. § 54-125e, which governs various aspects of special parole, that became effective October 1, 2018, and changes that the Connecticut legislature made to various special parole and parole discharge statutes, including Conn. Gen. Stat. § 54-125e, that became effective October 1, 2019.  *See* Notices, Doc. Nos. 16-17.

B.    Standard of Review

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  *Id.*  The Court applies this standard of review "to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid [a] filing fee."  *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004) (internal quotation marks and citation omitted).  In undertaking this review, the court is obligated to "construe" complaints filed by *pro se* prisoners "liberally and interpret[] [them] to raise the strongest arguments that they suggest."  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks and citation omitted).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, a complaint must include enough facts "to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

**C.    Discussion**

Plaintiff contends that the judge's imposition of the period of special parole in addition to the eleven-year term of imprisonment violated the Double Jeopardy Clause of the Fifth Amendment and was excessive in violation of the Due Process Clause of the Fourteen Amendment. *See* Am. Compl. at 2, 4, 8 ¶¶ 1b, 1j, 1u. The Court liberally construes Plaintiff's claim that his sentence is excessive as a claim under the Eighth Amendment, made applicable to the states by the Fourteenth Amendment. *See* U.S. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."); *Robinson v. California,* 370 U.S. 660, 666 (1962).

6

In his Notices/Letters to the Court, Plaintiff contends that changes in Connecticut statutes governing periods of special parole and discharge on parole prior to the completion of a term of imprisonment suggest that the imposition of the period of special parole violated his rights under the Double Jeopardy Clause of the Fifth Amendment and under the Equal Protection Clause of the Fourteenth Amendment. *See* Notice, Doc. No. 16, at 1; Notice, Doc. No. 17, at 3. Plaintiff also challenges the conditions to which a parolee must agree to abide by during his or her release on parole as violative of the Due Process Clause of the Fourteenth Amendment. *See* Am. Compl. at 9-10 ¶ 1x.

### 1.   Challenge to Period of Special Parole

Plaintiff seeks monetary damages to compensate him for having been illegally sentenced to a period of special parole. He also seeks an order that the Court to vacate the nine-year period of special parole that he must serve after he serves the eleven-year term of imprisonment imposed by a judge during his re-sentencing on March 14, 2018. Am. Compl. at 10.

### a.   Monetary Relief

In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so

> invalidated is not cognizable under § 1983. Thus, when a state
> prisoner seeks damages in a § 1983 suit, the district court
> must consider whether a judgment in favor of the plaintiff
> would necessarily imply the invalidity of his conviction or
> sentence; if it would, the complaint must be dismissed unless
> the plaintiff can demonstrate that the conviction has already been
> invalidated.

*Id.* at 486-87 (footnote omitted).    Any determination by this Court that the imposition of the term of special parole during Plaintiff's resentencing in March 2018 violated the Double Jeopardy Clause of the Fifth Amendment, the Equal Protection Clause of the Fourteenth Amendment or the Cruel and Unusual Punishments Clause of the Eighth Amendment would necessarily imply the invalidity of Plaintiff's sentence.   There are no facts to suggest that Plaintiff's current sentence consisting of a term of imprisonment of eleven years followed by a nine-year period of special parole has been invalidated or overturned in state court.   As such, *Heck* bars Plaintiff's request for monetary damages based on a challenge to his period of special parole as violative of Fifth, Eighth and Fourteenth Amendments.    The request for monetary damages is dismissed without prejudice.  *See* 28 U.S.C. § 1915A(b)(1).

### b.    Injunctive Relief

Plaintiff asks the Court to vacate the nine-year period of special parole that he must serve after he serves the eleven-year term of imprisonment imposed by a judge during his re-sentencing on March 14, 2018.   Am. Compl. at 10.   The Supreme Court has consistently held that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement[]'" and must

seek relief by filing a "federal habeas corpus . . . or appropriate state relief instead" after exhausting available state remedies. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (internal parentheses omitted) (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 489 (1973) and citing *Wolff v. McDonnell,* 418 U.S. 539, 554 (1974); *Heck,* 512 U.S. at 481; *Edwards v. Balisok,* 520 U.S. 641, 648 (1997)).  In *Wilkinson*, inmates challenged the constitutionality of administrative decisions denying them parole eligibility.  The Supreme Court concluded that the inmates could pursue their claims under section 1983 rather than in a habeas petition because they did not seek an "injunction ordering ... immediate or speedier release into the community" and "a favorable judgment [would] not 'necessarily imply the invalidity of [their] conviction[s] or sentence[s].'"  544 U.S. at 82.

Here, Plaintiff challenges the term of special parole that a judge imposed in conjunction with his sentence of eleven years of imprisonment.  The request seeking to invalidate the period of special parole imposed during his re-sentencing in March 2018 must be pursued in a petition for writ of habeas corpus under to 28 U.S.C. § 2254 in this court or through a petition or motion filed in state court.  *See, e.g., Conley v. Alexander*, No. 3:18-CV-294 (VAB), 2020 WL 1514834, at *3 (D. Conn. Mar. 30, 2020) ("A challenge to the plaintiff's sentence and request for release from the term of special parole must be made in a petition for writ of habeas corpus under 28 U.S.C. § 2254.") (citations omitted).

The Court will not construe this action as a federal habeas petition, however, because Plaintiff does not allege that he has fully exhausted his

available state court remedies as to the Constitutional challenges to the period of special parole imposed in addition to the eleven-year term of imprisonment. Plaintiff asserts that he filed a motion to correct illegal sentence in December 2018 to challenge his March 14, 2018 sentence but a judge denied the motion on the ground that his claim was a challenge to his conviction and not to his sentence and needed to be raised in a state habeas petition.  Plaintiff does not allege that he appealed the denial of the motion to correct illegal sentence or that he filed a state habeas petition.[2]   The claim for relief seeking to vacate the nine-year period of special parole imposed during his re-sentencing on March 14, 2018 is dismissed without prejudice.  *See* 28 U.S.C. § 1915A(b)(1).

---

[2]   **The State of Connecticut Judicial Branch reflects that on April 8, 2014, Plaintiff filed a state habeas petition in the Connecticut Superior Court for the Judicial District of Tolland challenging his convictions and sentences for two counts of sexual contact with a child on the ground of ineffective assistance of trial counsel.  *See Peacock v. Warden, State Prison,* Docket No. TSR-CV14-4006142-S (Pet. Writ Habeas Corpus, Docket Entry 101.00); *Peacock,* 2016 WL 7742925, at \*1-3.  On November 30, 2016, a judge denied the petition.  *See Peacock,* Docket No. TSR-CV14-4006142-S (Mem. Decision, Docket Entry 117.00); *Peacock,* 2016 WL 7742925, at \*3.  On May 22, 2018, the Connecticut Appellate Court affirmed the decision denying the habeas petition.  *See Peacock v. Comm'r of Correction,* 182 Conn. App. 901, 184 A.3d 339 (2018).  Plaintiff did not file a petition for certification to appeal the decision of the Connecticut Appellate Court to the Connecticut Supreme Court.  *See Peacock,* Docket No. TSR-CV14-4006142-S.  On June 13, 2018, Plaintiff filed a second state habeas petition.  *See Peacock v. Comm'r of Correction,* Docket No. TSR-CV18-4009586-S.  On December 5, 2018, a judge entered a judgment of dismissal.  There is no indication that Plaintiff appealed the judgment of dismissal.  On January 14, 2020, Plaintiff filed a third state habeas petition.  *See Peacock v. Comm'r of Correction,* Docket No. TSR-CV20-5000501-S.  That petition remains pending. Information pertaining to these state habeas petitions is available at:  http://www.jud.ct.gov/judt.htm  under Superior Court Case Look Up, Civil/Family/Housing/Small Claims, By Docket Number, using  TSR-CV14-4006142-S; TSR-CV18-4009586-S; TSR-CV20-5000501-S. (Last visited May 25, 2020).**

2.   <u>Challenge to Conditions of Parole</u>

Peacock claims that the requirement that an inmate must agree to certain conditions of his or her parole that are contained on a Board of Pardons and Paroles form prior to being released by the Department of Correction on parole violates the Due Process Clause of the Fourteenth Amendment.   Am. Compl. at 9. He asks the Court to ensure that neither the state court nor the board of parole impose conditions requiring supervision.  *Id.* at 10.

Connecticut General Statutes § 54-124a(a)(1) provides in relevant part: "There shall be a Board of Pardons and Paroles within the Department of Correction, for administrative purposes only."  Section 54-124a(f), in relevant part, grants the Board the "independent decision-making authority to ... (2) establish conditions of parole or    specific parole supervision  ..."    Further, Connecticut General Statutes § 54-126 authorizes the Board to "establish such rules and regulations as it deems necessary, upon which such convict may go upon parole, and the panel for the particular case may establish special provisions for the parole of a convict."

Connecticut General Statutes § 54-125e governs the conditions, violations, duration and disposition of special parole.  Under section 125e(b)(2), "[t]he Board of Pardons and Paroles may require that a person who is sentenced to a term of imprisonment of more than two years followed by a period of special parole "comply with the requirements of Connecticut General Statutes § 53a-30(a)," recommended by the court at sentencing.  Further, "[a]ny person sentenced to a

11

period of special parole shall also be subject to such rules and conditions as may be established by the Board of Pardons and Paroles or its chairperson pursuant to" Connecticut General Statutes § "54-126."[3]

Peacock states that one of the conditions that an inmate must agree to prior to release on parole is that he or she may be subjected to undergoing a polygraph test at any time during the period he or she is on parole. Am. Compl. at 9. If a parolee refuses to take a polygraph test, he or she may be found in violation of a term of his or her probation and returned to prison. *Id.* at 10. Peacock believes such a condition is illegal because polygraph results are not reliable and cannot be used in court. *Id.* at 9.

Peacock asserts this claim generally and does not make specific allegations regarding any terms or conditions of parole that may have been imposed on him by a court or a parole officer or the Board of Pardons and Paroles. The Court concludes that Plaintiff lacks standing to challenge the conditions that Director of Parole and Community Services Haggan, Board of Pardons and Paroles Chairman Giles or Unit Manager Mirto might impose on inmates, including himself, when released on parole.

Under Article III, Section Two of the United States Constitution, the jurisdiction of federal courts is limited to certain "Cases" and "Controversies." U.S. Const. art. III, § 2. This restriction on federal jurisdiction requires a party to

---

[3] Given the discretion afforded to the Board of Pardons and Paroles under these statutes to set or establish conditions of parole, it is evident that a parolee has no liberty interest in the type of condition or conditions that may or may not

have standing---"the requisite personal interest that must exist at the commencement of the litigation." *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167, 189 (2000) (internal quotation marks and citations omitted).

"To establish Article III standing, an injury must be 'concrete, particularized [in that it affects the plaintiff in a personal and individual way], and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms,* 561 U.S. 139, 149 (2010)).  Thus, the injury may not be speculative and "allegations of possible future harm" are insufficient.  *Id.* (citations and internal quotation marks omitted).  Only when the "threatened injury" is "certainly impending" will it "constitute injury in fact."  *Id.*

Courts have consistently held that a *pro se* litigant does not have standing to sue on behalf of other litigants.  *See Singleton v. Wulff*, 428 U.S. 106, 114 (1976) ("Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party") (internal quotation marks and citations omitted); *Hollingsworth v. Perry*, 570 U.S. 693, 707–08 (2013) ("[i]n the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties") (internal quotation marks and citation omitted); *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 358 (2d Cir. 2016) ("Another prudential [limit on standing

be imposed by the Board.

13

is the] principle is that a plaintiff may ordinarily assert only his own legal rights, not those of third parties."). In addition, a litigant in federal court has a right to act as his own counsel pursuant to 28 U.S.C. § 1654, but a non-attorney has no authority to appear as an attorney for others. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another's behalf in the other's cause."); *Eagle Assocs. v. Bank of Montreal,* 926 F.2d 1305, 1308 (2d Cir. 1991) (Section 1654 "does not allow for unlicensed laymen to represent anyone else other than themselves") (internal quotation omitted).

Thus, Plaintiff may not assert claims on behalf of anyone other than himself. Accordingly, to the extent that the plaintiff attempts to assert claims on behalf of other inmates who have been or may be released on parole subject to certain conditions, those claims are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

At the time of the allegations asserted in the amended complaint, Plaintiff had not been released on parole. Furthermore, Plaintiff does not allege that prior to filing this action, any defendant had imposed conditions on a term of parole or special parole that he would serve in the future. Thus, Plaintiff has not alleged that, as of the filing of the amended complaint, he had suffered an injury that was actual or imminent, was caused by the defendants or could be redressed in this action. Whether Plaintiff might suffer an injury in the future due to the imposition of any conditions to be followed after being released on parole by Director of Parole and Community Services Haggan, Board of Pardons and Paroles

14

Chairman Giles, Unit Manager Mirto or a parole officer within Unit Manager Mirto's office, is speculative.  The plaintiff does not, therefore, have standing to bring a claim to challenge the nature of the conditions of parole that he claims are often imposed on parolees and might be imposed on him by one or more of the defendants.  Absent Article III standing, the court lacks subject matter jurisdiction over the conditions of parole claim that is personal to Plaintiff and is asserted under the Due Process Clause of the Fourteenth Amendment.  The claim is dismissed without prejudice.  *See* 28 U.S.C. § 1915A(b)(1).

## ORDERS

The Court enters the following orders:

(1)     The Motion for Leave to File a Second Amended Complaint, [Doc. No. 18], is DENIED on the ground that under Rule 15(a)(2), Fed. R. Civ. P. it would be futile to permit Plaintiff to file an amended complaint to add a claim that is not asserted against any named defendant and to add a request for relief that is moot.

The claim asserted in the amended complaint, [Doc. No. 14], that the imposition of a period of special parole in addition to a term of imprisonment constituted a separate sentence in violation of the prohibition against double jeopardy under the Fifth Amendment, was excessive in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment, made applicable to the states through the Due Process Clause of the Fourteenth Amendment, and violated the Fourteenth Amendment's Equal Protection Clause and the claim

15

asserted in the amended complaint, [Doc. No 14], pertaining to conditions of parole that might be imposed on Plaintiff or other inmates in the future as asserted under the Due Process Clause of the Fourteenth Amendment, are DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1). Because the Court has dismissed all federal claims, it declines to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367; *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 117-18 (2d Cir. 2013).

(2)     The Clerk is directed to enter judgment for the Defendants and close this case.

SO ORDERED at Hartford, Connecticut this 5th day of June, 2020.

_____/s/_____

VANESSA L. BRYANT
UNITED STATES DISTRICT JUDGE

16